IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>COOK COUNTY, ILLINOIS, the SHERIFF OF COOK COUNTY, and current or former Cook County Sheriff's Officer KEVIN LAST NAME UNKNOWN,<br><br>    Defendants. | Case No. 1:20-cv-5832<br><br>Hon. Charles R. Norgle |

## ORDER

Plaintiff Jane Doe's motion to proceed under a pseudonym [7] is denied. Within 30 days, Plaintiff is ordered to file an amended complaint to include her name in the caption pursuant to Rule 10(a) or appeal this decision. Plaintiff's failure to take appropriate action within 30 days will result in the dismissal of the action.

## MEMORANDUM OPINION

Jane Doe, a pseudonym for the female plaintiff, filed suit against the Cook County Sheriff, Cook County, and an unknown Sheriff's office employee for damages under 42 U.S.C. §1983 and several state law causes of action. Shortly after filing her complaint, Doe filed a two-page motion to proceed under a pseudonym. The Court denies the motion for the reasons below.

### I. BACKGROUND

According to Doe's complaint, Doe is a resident of Oak Park, Illinois, and an owner of a beauty salon. Compl. at ¶4. In February of 2019, Doe was arrested. The complaint does not mention the charges or the nature of the arrest. However, the charges against Doe were serious enough that Doe was placed in home confinement with electronic monitoring as a condition of her

bail, subject to exceptions to be made by the Cook County Sheriff's office permitting her to leave her residence for "church, work, and doctors' appointments" upon request. Id. ¶14. The complaint does not contain any information concerning whether Doe had attorney representation during the criminal proceedings against her.

In July 2019, Doe called the Sheriff's office to request permission to attend an upcoming doctor's appointment. Doe alleges that her call was answered by an officer whose first name is Kevin but whose last name is unknown ("Defendant Officer"). Id. ¶18. During the phone call about Doe's request to attend her doctor's appointment, Doe also asked Defendant Officer about getting approval to change her residence because Doe and her husband were in the process of selling their home. According to Doe, Defendant Officer told her that he could not discuss that issue on the recorded line, hung up and called Doe from a blocked number, and then and told her that he would help her get approved for her move. Defendant Officer also allegedly told Doe "that she would then owe him for getting her move approved." Id. ¶21. Defendant Officer further told Doe that he had located her on Instagram and sent her a friend request on the social media site. Defendant Officer then began to message Doe on Instagram almost every day. Id. ¶23.

In early August 2019, Defendant Officer allegedly "showed up unannounced and uninvited at JANE DOE's salon" while Doe was alone and told her that she still owed him for his assistance in getting her movement requests approved. Id. ¶26-27. Doe alleges that Defendant Officer pushed Doe into the bathroom, groped Doe without her consent, and again told Doe that she owed him for his help. Doe did not report this incident to the authorities at the time out of fear that Defendant Officer would retaliate against her and cause her electronic monitoring to be revoked, resulting in Doe's incarceration. The complaint is silent as to whether Doe informed her attorney,

if indeed she had one, or the court in the criminal proceedings against her about Defendant Officer's alleged misconduct.

Doe claims that Defendant Officer continued to contact her through Instagram and badgered Doe if she refused to respond to him, threating to "make things hard for her." Id. ¶35. At some point, Doe tried to cut off communications with Defendant Officer and instructed him to stop contacting her. Within days of attempting to cut off communications, the Sheriff's office accused Doe of "submitting false documents for her pre-approved movement for church." Id. ¶38. Doe relented and resumed communications with Defendant Officer. In October 2019, Doe alleges that Defendant Officer again came into Doe's beauty salon without invitation. Doe alleges that Defendant Officer then forced Doe to perform oral sex on him. A few weeks later, Doe told her husband what Defendant Officer had done to her. Shortly afterwards, Doe reported the incident to the Oak Lawn Police Department. The complaint does not discuss what became of the police investigation or whether Doe informed her attorney or the court in her criminal case of Defendant Officer's second bout of misconduct.

In September of 2020, Doe's counsel filed a complaint of less than ideal clarity in this Court, alleging violations of 42 U.S.C. § 1983 and state tort law. Doe's counsel filed a motion to proceed under a pseudonym, to which none of the defendants responded. The Court has an independent obligation to vet even unopposed motions to proceed pseudonymously as part of its duty to protect the public's First Amendment right to openness in judicial proceedings. Doe v. City of Chicago, 360 F.3d 667, 670 (7th Cir. 2004). After careful consideration of Doe's motion, complaint, and the applicable legal standards, the Court denies Doe's motion.

## II. DISCUSSION

Rule 10(a) of the Federal Rules of Civil Procedure states that the "title of the complaint

3

must name all the parties . . . ." Fed. R. Civ. P. 10(a) (emphasis added). This rule, "though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188–89 (2d Cir. 2008). Although the rule itself contains no textual exception to naming all parties to the suit, courts across the country have interpreted the statute to allow pseudonymous parties in limited circumstances. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001) ("[C]ourts have carved out a limited number of exceptions to the general requirement of disclosure, which permit plaintiffs to proceed anonymously.").

The Supreme Court almost fifty years ago implicitly recognized the propriety of permitting pseudonymous parties but has not announced a universal test for federal courts to apply to determine whether parties may shield their identities in civil litigation. See Roe v. Wade, 410 U.S. 113, 124 (1973). Although Circuit courts have developed differing factor tests to answer this question, the primary analysis has remained consistent throughout the federal judiciary over the past several decades: "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992) (internal quotation omitted); see Mitze v. Saul, 968 F.3d 689, 692 (7th Cir. 2020); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008); Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000); M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir.1998); Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981). The presumption of openness in judicial proceedings is not easily overcome. Only in the most compelling circumstances should a court permit a party to hide their identity. In re Boeing 737 MAX Pilots Litig., 2020 WL 247404, at *3 (N.D. Ill. Jan. 16, 2020) ("A party who wants to litigate

in the dark must identify exceptional circumstances that justify a departure from the normal method of proceeding in federal courts.").

Historically, courts have permitted plaintiffs to proceed pseudonymously in cases involving abortion, homosexuality, welfare assistance, child abuse, sensitive medical conditions, and certain religious observances, among others. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001); Doe v. United Servs. Life Ins. Co., 123 F.R.D. 437, 439 (S.D.N.Y. 1988); W.G.A. v. Priority Pharmacy, Inc., 184 F.R.D. 616, 617 (E.D. Mo. 1999); S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979). Courts generally deny motions to proceed pseudonymously in cases involving sexual harassment alone. Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir. 2004); Jaffe, 599 F.2d at 713; Doe v. Vill. of Deerfield, 819 F.3d 372, 377 (7th Cir. 2016). Courts have reached differing conclusions, however, when sexual assault is alleged in addition to sexual harassment. Compare Doe v. Weinstein, 484 F. Supp. 3d 90 (S.D. N.Y. 2020) (denying a purported sexual-assault victim's motion to proceed pseudonymously against a prominent figure in the entertainment industry) with Doe v. Neverson, 820 F. App'x 984 (11th Cir. 2020) (holding, per curium, that the lower court abused its discretion denying a purported sexual-assault victim's motion to proceed pseudonymously where the purported victim was a Muslim who would likely be subject to threats and harassment if she were to proceed under her real name).

The Seventh Circuit has not established a specific test for this inquiry, but courts consider numerous non-exhaustive factors to determine whether a movant may proceed under a pseudonym, including: [1]

---

[1] See, e.g., Rapp v. Fowler, 2021 WL 1738349, at *3 (S.D.N.Y. May 3, 2021) (discussing factors 1-3, 6, 8-11, 13); United States v. Doe, 655 F.2d 920, 922 n. 1 (9th Cir. 1980) (discussing factor 3); Doe v. Lynch, 2016 WL 10844617, at *1 (D.D.C. Apr. 28, 2016) (discussing factor 4); Doe v. United States, 2020 WL 7388095, at *4 (E.D. Cal. Dec. 16, 2020) (same); Doe v. Hartford Life & Acc. Ins. Co., 237 F.R.D. 545, 550 (D.N.J. 2006) (same); Doe v. Megless, 654

1. Whether the movant or others might suffer retaliatory physical or mental harm by the opposing party;

2. Whether the case involves a highly sensitive and personal matter or requires the disclosure of information of the utmost intimacy;

3. Whether the movant would suffer other harms, including harassment, ridicule, embarrassment, or some other adverse outcome if her identity was made public;

4. Whether the movant would suffer an adverse outcome attributable to a refusal to pursue the case at the price of being publicly identified;

5. Whether denying the motion would increase the likelihood that similarly situated plaintiffs would be chilled from bringing similar claims;

6. Whether there is a risk of prejudice to the opposing party;

7. Whether there is evidence of ulterior motives of the movant;

8. Whether the movant's identity has been disclosed to the public or kept confidential;

9. Whether there are alternative mechanisms to protect the confidentiality of the movant;

10. Whether the opposing party is a governmental entity or a private individual;

11. Whether the movant is a minor, or was a minor at the time of the conduct at issue;

12. Whether the disclosure of the movant's name would uncover the movant's admissions of illegal conduct in violation of her Fifth Amendment right against self-incrimination; and

13. Whether the nature of the issues presented are purely legal in nature.

Ultimately, the movant bears the burden of proof to show that some combination of these factors outweighs the ordinary presumption of judicial openness, justifying the exercise of the

---

F.3d 404, 411 (3d Cir. 2011) (discussing factor 7); Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000) (citing Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981)) (discussing factor 12).

Court's discretion. HTG Cap. Partners, LLC v. Doe(s), 2015 WL 5611333, at *8 (N.D. Ill. Sept. 22, 2015) ("Subject to the strong presumption of public access, the use of fictitious names for parties, a practice generally frowned upon is left within the discretion of the district court."). Here, the Court will consider factors 1-10 in its analysis of Doe's motion. Factors 11-13 are inapplicable and will not be considered.

### 1. The record does not clearly demonstrate that Doe is likely to suffer retaliatory harm if she reveals her identity.

To demonstrate retaliatory harm, plaintiffs must generally provide "evidence that psychological damage or violent threats are anticipated if a party's identity is disclosed." J.W. v. D.C., 318 F.R.D. 196, 200 (D.D.C. 2016). When considering whether there is a substantial risk of serious retaliatory harm, courts consider "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000) (internal citations omitted).

Doe argues that the "disclosure of Doe's name [] subjects her to the risk of retaliatory harm," because "[a]lthough Doe is no longer on EM, she was sentenced to three years of probation in January 2020, meaning she is subject to Defendant County's oversight until January 2023 [and requiring] Doe to proceed under her actual name could open her up to retaliation by other County employees or Defendant Officer." Dkt. 7 at 3. That is the totality of the information Doe presented to the Court in support of her contention that she might be subject to retaliation. It is unclear whether Defendant Officer still has any monitoring responsibilities over Doe, what relationships, if any, Defendant Officer has with any Cook County employee that currently maintains monitoring authority over Doe, whether Doe has brought her allegations before the state court presiding over her state criminal case, or whether Doe has filed for a restraining order against Defendant Officer.

7

Although there is a general "risk of retribution to individuals who allege sexual assault," the lack of more specific information in this matter prevents the Court from assessing the reasonableness of Doe's fears and her vulnerability to retaliatory harm. Doe v. Purdue Univ., No. 4:18-CV-89-JEM, 2019 WL 1757899, at *3 (N.D. Ind. Apr. 18, 2019). If Defendant Officer or his direct coworkers maintain any supervisory authority over Doe, the risk of retaliation would be significant. Doe has already alleged that Defendant Officer abused his authority to retaliate against Doe when she failed to maintain contact with him. Doe would be particularly vulnerable because probationers could be exposed to unsupported allegations of violations of probation by their probation officers. Further, the Court does not reject the contention that an allegation of sexual assault can, and often does, carry some potential risk of retaliation. However, without additional information, the Court cannot conclude that Doe's specific circumstances put her at a substantial risk of serious retaliation. As a result, the Court weighs this factor neutrally on the disposition of the motion.

2. **Defendant Officer's alleged sexual assault of Doe is a highly sensitive and personal matter, involving the disclosure of information of the utmost intimacy, which weighs in favor of granting the motion.**

"Although the Seventh Circuit disfavors anonymity in legal proceedings, it has identified categorical exceptions to the rule requiring parties' real names," which includes "rape victims." Purdue Univ., 2019 WL 1757899, at *2; Doe No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("The Seventh Circuit, which disfavors the use of fictitious names, has recognized that sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity."); Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 872 (7th Cir. 1997); Doe v. Trp Acquisition Inc., 2016 WL 3671505, at *2 (N.D. Ill. July 11, 2016); Doe No. 62 v. Indiana Univ. Bloomington, 2016 WL 11553229, at *2 (S.D. Ind. Aug. 26, 2016); Doe v. Marvel, No. 1:10-CV-

8

1316-JMS-DML, 2010 WL 5099346, at *3 (S.D. Ind. Dec. 8, 2010) ("Although there is a strong presumption in favor of conducting litigation under the litigants' real names, the Seventh Circuit has recognized an 'exception' for 'rape victims.'"). Allegations of sexual assault are quintessential instances of highly sensitive, personal matters that involve disclosure of information of the utmost intimacy. Doe v. Cabrera, 307 F.R.D. 1, 5 (D.D.C. 2014). Doe alleges that Defendant Officer not only committed sexual assault but abused his position of authority to do so. Doe's allegations demonstrate that the issue is a highly sensitive and personal one.

However, an allegation of sexual assault alone does not end the inquiry, as several courts have denied motions to proceed pseudonymously in cases of sexual assault. In Rapp v. Fowler, plaintiffs claimed that "defendant Kevin Spacey Fowler, better known as Kevin Spacey, sexually assaulted them over 35 years ago." Rapp v. Fowler, 2021 WL 1738349, at *1 (S.D.N.Y. May 3, 2021). Although the court recognized that sexual assault is a highly sensitive issue, the court denied the motion to proceed under a pseudonym in part because the court found that doing so would prejudice the defendant, a prominent actor, via reputational harm. Id. at 7. The court further reasoned that although "the public generally has an interest in protecting those who make sexual assault allegations so that they are not deterred from vindicating their rights, it does not follow that the public has an interest in maintaining the anonymity of every person who alleges sexual assault or other misconduct of a highly personal nature." Id. at 8. Similarly, in Doe v. Weinstein, the court again recognized that sexual assault is "highly sensitive and of an extremely personal nature," but ultimately denied the motion to proceed under a pseudonym. Doe v. Weinstein, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020). The court reasoned in part that there "is great public interest in not only the allegations against Weinstein, but also in the identities of his accusers, some of whom are also public figures." Id. at 97.

Although allegations of sexual assault are not dispositive, they are clear instances of highly sensitive issues of a personal nature. This factor weighs in favor of granting Doe's motion.

3. **The record is unclear concerning the extent of harassment, ridicule, embarrassment, or some other adverse outcome Doe might suffer if she reveals her identity, which weighs neutrally on the disposition of the motion.**

Doe's two-page motion does not discuss, much less demonstrate, the scope of harm Doe might suffer on account of harassment, ridicule, embarrassment, or some other adverse outcome should her identity be made public. The Court recognizes that victims of sexual assault often wish to keep their identities secret out of fear of embarrassment or social stigmatization. Those concerns alone, however, are insufficient to permit a plaintiff to proceed under a pseudonym. Doe v. Princeton Univ., 2019 WL 5587327, at *4 (D.N.J. Oct. 30, 2019). However, if a movant shows that her specific circumstances demonstrate a risk of serious social stigmatization surpassing a general fear of embarrassment, courts may consider those circumstances in favor of granting the motion. Doe v. Neverson, 820 F. App'x 984, 988 (11th Cir. 2020) (reversing the denial of a motion to proceed under a pseudonym because the district court failed to consider the potential significant social stigmatization on account of the movant's membership in "a strict Muslim household where under their cultural beliefs and traditions such a sexual assault would have the tendency to bring shame and humiliation upon [the movant's] family."). Here, Doe has not provided specific

information that might justify favorable consideration on this factor. As a result, the Court weighs this factor neutrally on the disposition of Doe's motion.

4. **The record does not demonstrate that Doe would likely suffer an adverse outcome attributable to a refusal to pursue the case at the price of being publicly identified, which weighs neutrally on the disposition of the motion.**

Doe's motion does not address any potential adverse outcome she might suffer if she chooses not to pursue this case on account of an adverse ruling on this motion. The Plaintiff has not expressed an intention to discontinue this action if the Court requires that she disclose her identity. See Doe v. Oshrin, 299 F.R.D. 100, 104 (D.N.J. 2014). Further, it is unclear whether Doe's voluntary dismissal of this action would deprive her of her only remedy. The record does not indicate whether Doe brought this allegation to the attention of the state court overseeing her criminal prosecution. Doe alleges that she filed a report with the police, but it is unclear what measures, if any, law enforcement has taken. Without more, the Court weighs this factor neutrally on the disposition of Doe's motion.

5. **Denying Doe's motion may have a limited potential chilling effect on similarly situated plaintiffs, which weighs in favor of granting the motion.**

Doe's motion does not discuss any potential chilling effect on similarly situated plaintiffs. However, "the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights, especially where law enforcement officers are involved." Doe v. Evans, 202 F.R.D. 173, 176 (E.D. Pa. 2001); Doe v. Rutgers, 2019 WL 1967021, at *3 (D.N.J. Apr. 30, 2019) (recognizing a "public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs."); Doe No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (The "public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.").

11

Doe has not expressed an intention to discontinue this action if the Court requires that she disclose her identity, but a decision precluding her from proceeding under a pseudonym may discourage other victims of sexual assault from bringing their claims forward. That is a highly undesirable result, especially here because Doe alleges that a public servant committed a gross abuse of power. However, the importance of avoiding a potential chilling effect on similarly situated plaintiffs in the abstract does not displace the strong presumption of judicial openness in federal courts. Further, the risk of a drastic chilling effect may have lost its vigor in our modern era. Regardless, Doe has not provided the Court with information that would suggest a risk of a significant chilling effect, which limits the weight of this factor. Despite its limited weight, this factor favors granting the motion.

6. **The record does not demonstrate that there would be any prejudice to any of the Defendants, which weighs neutrally on the disposition of the motion.**

The two municipal Defendants and the individual Defendant have not responded to Doe's motion, and in doing so have failed to make any showing that they might be prejudiced by Doe proceeding under a pseudonym in this matter. Without an affirmative showing by the Defendants as to how proceeding under a pseudonym might harm them, the Court weighs this factor neutrally on the disposition of Doe's motion.

7. **The record does not demonstrate any ulterior motive by Doe, which weighs neutrally on the disposition of the motion.**

Especially now that the Plaintiff has been sentenced, there is no suggestion of any ulterior motive by Doe in bringing this lawsuit or this motion to proceed under a pseudonym. In the absence of allegations to the contrary, the Court assumes Doe is acting in good faith. Thus, this factor does not weigh against her and is neutral on the disposition of the motion.

8. **The record does not demonstrate that Doe has otherwise disclosed her identity, weighing neutrally on the disposition of the motion.**

As to this case, there are no allegations suggesting that Doe has disclosed her identity publicly. Without such a showing, the needle does not move. The Court weighs this factor neutrally on the disposition of Doe's motion.

9. **There is likely no alternative mechanism to protect Doe's privacy interest in this case, weighing neutrally on the disposition of the motion.**

If there is a sufficient alternative mechanism to protect a movant's privacy interest, a motion to proceed under a pseudonym will be denied. For example, in Doe v. United States, the plaintiff sought to proceed under a pseudonym because the case involved sensitive medical information. 2017 WL 2389701, at *2 (S.D.N.Y. June 1, 2017). The court denied the motion, reasoning that the plaintiff's privacy interests could "be sufficiently addressed through the alternative mechanism of redaction and sealed submissions." Id. Although the parties have not briefed the issue, there is likely no alternative mechanism to protect Doe's privacy interest here. Because there is no alternative that might weigh against Doe's motion, the Court weighs this factor neutrally on the disposition of the motion.

10. **This action has been brought against the government alleging serious misconduct by a government official, weighing against granting the motion.**

Doe has brought this lawsuit against Cook County, the Cook County Sheriff, and Defendant Officer—all of whom are government entities or officials. Courts often consider whether an action has been brought against a governmental entity or private individual when considering whether to grant a motion to proceed under a pseudonym. See, e.g., Rapp v. Fowler, 2021 WL 1738349, at *3 (S.D.N.Y. May 3, 2021). Courts have analyzed this factor inconsistently, however, with some courts holding that a suit against a private individual favors granting a motion to proceed under a pseudonym and other courts holding the opposite.

Some courts reason that "when a plaintiff challenges the government or government activity, courts are more likely to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing" because "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing." Roe v. Doe, 2019 WL 2058669, at *4 (D.D.C. May 7, 2019) (internal citations and quotations omitted); see Jaffe, 599 F.2d at 713; Doe v. Skyline Automobiles Inc., 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019); Doe v. Drake Univ., 2017 WL 11404865, at *3 (S.D. Iowa June 13, 2017); Doe v. JBF RAK LLC, 2014 WL 5286512, at *5 (D. Nev. Oct. 15, 2014); Rose v. Beaumont Indep. Sch. Dist., 240 F.R.D. 264, 266–67 (E.D. Tex. 2007).

Other courts reason that "[p]ublic interest increases when public officials and municipalities are parties in a lawsuit," supporting the disclosure of the movant's identity. Doe v. Megless, 2010 WL 3076246, at *4 (E.D. Pa. Aug. 5, 2010); Doe v. Pub. Citizen, 749 F.3d 246, 274 (4th Cir. 2014) ("As we have explained, the public interest in the underlying litigation is especially compelling given that Company Doe sued a federal agency."); Doe v. Virginia Polytechnic Inst. & State Univ., No. 7:18-CV-00016, 2018 WL 1594805, at *3 (W.D. Va. Apr. 2, 2018) ("To the contrary, courts have recognized that the public's interest is 'heightened' when defendants are public officials or government bodies."); B.L. v. Zong, 2016 WL 11269933, at *13 (M.D. Pa. Aug. 30, 2016); see also Jones v. Clinton, 879 F. Supp. 86 (E.D. Ark. 1995).

This Court finds the latter reasoning more persuasive. The public has a strong interest in knowing the accusations against its tax-funded entities as well as the identities of the individuals making those accusations. It is true that "government defendants do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing." Roe,

2019 WL 2058669, at *4. But that reasoning is better considered in the factor addressing any prejudicial effect on the defendant. Here, the government has made no showing that it would be prejudiced and has lost the opportunity for that factor to weigh in its favor, as described in Section 6. The public's interest, however, still weighs heavily against anonymity because the defendants are public servants who stand accused of a gross abuse of power. The public has a much lesser interest in knowing the identity of one private individual suing another. As a result, this factor weighs heavily against granting Doe's motion.

### III. CONCLUSION

In summary, factors 2 and 5 weighed in favor of granting the motion, factors 1, 3-4 and 6-9 are neutral, and factor 10 weighed against. However, the number of factors is less significant than the weight ascribed to each. Ultimately, the burden is on the movant to show that a combination of these factors outweighs the strong presumption of openness in judicial proceedings. On balance, the Court concludes that Doe has not met her burden to overcome that presumption.

The two factors favoring Doe's motion do not carry sufficient weight to overcome the presumption of judicial openness. First, several other courts have concluded that allegations of sexual assault alone are insufficient to proceed under a pseudonym. Rapp v. Fowler, 2021 WL 1738349, at *1 (S.D.N.Y. May 3, 2021); Doe v. Weinstein, 484 F. Supp. 3d 90 (S.D.N.Y. 2020). Second, any potential chilling effect is limited, and without more information, speculative.

On the other side of the scale, the public's interest in judicial openness is dramatically greater here because Doe is seeking substantial damages from public officials whom she has accused of an egregious abuse of authority. Further, the lack of detail in Doe's motion and complaint is concerning. There are several open questions whose answers could affect the Court's

15

analysis on Doe's motion to proceed under a pseudonym in this matter. Ultimately, Doe's bare-bones motion and complaint simply do not provide enough for the Court to find "exceptional circumstances that justify a departure from the normal method of proceeding in federal courts" to allow Doe to "litigate in the dark." In re Boeing 737 MAX Pilots Litig., 2020 WL 247404, at *3 (N.D. Ill. Jan. 16, 2020). Given the circumstances of this case, without information demonstrating exceptional circumstances, the more enlightened approach to addressing Doe's claim of misconduct is to litigate it between the identified parties in the sunlight rather than in the mist which may fester doubt in the outcome. Thus, the Court denies Doe's motion to proceed under a pseudonym.

As a result, within 30 days, Doe must either file an amended complaint to include her name in the caption in compliance with Rule 10(a) or appeal this decision as a collateral order. In re: Chiquita Brands Int'l, Inc., 965 F.3d 1238, 1245 (11th Cir. 2020); United States v. Pilcher, 950 F.3d 39, 41 (2d Cir. 2020); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §3911.3 (2d ed.). Otherwise, the case will be dismissed.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: June 3, 2021